## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

David Sookdeo

       Plaintiff,

vs.

Winnebago Industries, Inc.,
Cummins Power Generation, Inc.,
and Mercedes-Benz USA, LLC,

       Defendants.

Case No: 4:24-cv-00006

**ANSWER AND AFFIRMATIVE
DEFENSES OF WINNEBAGO
INDUSTRIES, INC.
TO COMPLAINT**

---

NOW COMES Defendant Winnebago Industries, Inc. ("Winnebago") by and through its attorneys Dinsmore & Shohl LLP, and submits the following Answer to Complaint against Defendants Winnebago Industries, Inc., Cummins Power Generation Inc., and Mercedes-Benz USA, LLC:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff David G. Sookdeo is an individual residing at 6601 NW 21st St., Sunrise, FL 33313.

**ANSWER:** *Admitted.*

2.    Defendant Winnebago Industries, Inc. is a foreign profit corporation doing business throughout the State of Iowa. Winnebago Industries, Inc. (hereinafter "Defendant Motorhome Manufacturer" or "Defendant Winnebago") may be served through its registered agent, CT Corporation System, 400 E. Court Avenue, Des Moines, Iowa 50309.

**ANSWER:** *Admitted.*

3.      Defendant Cummins Power Generation Inc., is a foreign profit corporation doing business throughout the State of Iowa. Cummins Power Generation Inc. (hereinafter "Defendant Generator Manufacturer" or "Defendant Cummins") may be served through its registered agent, Corporation Service Company, 505 5th Ave, Suite 729, Des Moines, Iowa 50309.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

4.      Defendant Mercedes-Benz USA, LLC is a foreign limited liability company doing business throughout the State of Iowa. Mercedes-Benz USA, LLC (hereinafter "Defendant Chassis Manufacturer" or "Defendant Mercedes-Benz") may be served through its registered agent CT Corporation System, 400 E. Court Avenue, Des Moines, Iowa 50309.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

5.      The transactions and occurrences involved in this action took place in the State of Iowa, County of Polk

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

## COMMON AVERMENTS

6.      On or about August 11, 2022, Plaintiff purchased a new 2022 Winnebago View MH motorhome, VIN: W1X8E33Y1ME208033 from an Authorized Dealership (hereinafter Vehicle . Please see Exhibit A: Purchase Agreement.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

7.      At the time of purchase, the Subject Vehicle was accompanied by factory warranties which, in relevant part, provided for Winnebago 1 (one) year/15,000 mile basic warranty and 3 (three) year/36,000 mile structural warranty, Cummins's 3 (three) year/2,000 hour generator warranty, and Mercedes-Benz's 3 (three) year/36,000 mile chassis warranty (the "Warranties"). Please see Exhibit B: Pertinent Portions of Warranties. Full warranties are in Defendant's possession.

**ANSWER:** *Defendant defers to the actual terms and conditions of the complete warranties and denies Plaintiff's one sentence summary thereof as untrue.*

8.     The subject Vehicle was purchased primarily for personal, family and/or household purposes.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

9.     Defendants' warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

**ANSWER:** *Defendant defers to the actual terms and conditions of the complete warranties, and denies Plaintiff's one-sentence summary thereof as untrue.*

10.     In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

**ANSWER:** *Denied as untrue.*

11.     Shortly after purchase, Plaintiff noticed defects in the vehicle and returned the vehicle to Authorized Dealerships on at least three (3) occasions to repair defects including: water leaking from dome light between front seats, compartment door does not latch completely, rear wall window pulling out from corners, bathroom cabinet coating pulling off, awning wind sensor inoperable, generator will not start, leak over bathroom, leak coming from driver side slide, coach battery loses power after twelve (12) hours,  step inoperable intermittently, steps motor defects necessitating replacement, harness defects necessitating replacement, leveling jack control panel defects, oil leak in generator, navigation system defects, mobile generator will not start, refrigerator and lights battery not holding charge, water leaks persist despite numerous repair attempts, fuel pump defects despite numerous repair attempts, and generator defects persist despite numerous repair attempts. Please see Exhibit C: Repair Orders.

3

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

12.    Subject vehicle has been out-of-service for approximately seven months for the aforementioned repairs. Please see Exhibit C.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

13.    Despite the prolonged time during which the Subject Vehicle has been out-of-service, Manufacturer has failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

**ANSWER:** *Denied as untrue.*

14.    The defects experienced by Plaintiff with the Subject Vehicle substantially impaired its use, value, and safety to the Plaintiff, and have shaken the Plaintiff's faith in the vehicle to operate as dependable transportation.

**ANSWER:** *Denied as untrue.*

15.    Despite Plaintiff's repeated efforts to allow Manufacturer the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist.

**ANSWER:** *Denied as untrue.*

16.    The vehicle still has issues including water leak, fuel pump, and generator defects.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

17.    Plaintiff directly notified Defendants of the defective conditions of the vehicle on numerous occasions and that he desired a buy-back of the Subject Vehicle, wherein Defendants failed and refused to buy back Plaintiff's defective Vehicle and to reimburse Plaintiff pursuant to his rights under State and Federal Laws. Please see Exhibit D: Written Notification, and Exhibit E: Return Receipt.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

18.    This cause of action arises out of the Defendants' Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.

**ANSWER:** *Denied as untrue.*

19.    Plaintiff seeks judgment against Defendants in whatever amount Plaintiff is entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

**ANSWER:** *Denied that Plaintiff is entitled to relief from this Defendant.*

20.    There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

**ANSWER:** *Admitted.*

## COUNT I – BREACH OF FACTORY WARRANTY

21.    Defendant fully repeats and incorporates its answers to Paragraphs 1 through 20, as set forth above.

22.    Defendant Winnebago extended to Plaintiff a one (1) year/15,000 mile basic limited warranty and a three (3) year/36,000 mile structural warranty. Defendant Cummins extended to Plaintiff a three (3) year/2,000 hour generator warranty. Defendant Mercedes-Benz extended to Plaintiff a three (3) year/36,000 mile chassis warranty ("Warranties").

**ANSWER:** *Admitted as to the Winnebago warranty.*

23.    Plaintiff seeking to repair the Subject Vehicle, attempted to exercise Plaintiff's rights under the Warranties.

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

24.    Defendants have failed to honor the terms of the Warranties.

**ANSWER:** *Denied as untrue.*

25.    Defendants have failed or refused to repair the issues which include water leak, fuel pump, and generator defects.

**ANSWER:** *Denied as untrue.*

26.    As a result of the actions set forth above, Defendants have breached its warranty.

**ANSWER:** *Denied as untrue.*

27.    As a result of Defendants' breach of warranty, Plaintiff has suffered and will continue to suffer significant monetary and consequential damages.

**ANSWER:** *Denied as untrue.*

WHEREFORE, Defendant respectfully requests that this Honorable Court enter Judgment of no cause of action in favor of Defendant Winnebago and against Plaintiff, including all costs, interest, and attorney fees.

## COUNT II – BREACH OF MAGNUSSON-MOSS WARRANTY ACT

28.    Defendant fully repeats and incorporates its Answers to paragraphs 1 through 27, as set forth above.

29.    This Court has jurisdiction to decide claims bought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

**ANSWER:** *Admitted.*

30.    Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

**ANSWER:** *For lack of knowledge and information at this time, neither admitted nor denied.*

31.    Defendants are "supplier"s and "warrantor"s as defined by 15 USC § 2301(4)(5).

**ANSWER:** *Admitted.*

32.    The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

**ANSWER:** *Admitted.*

33.     15 USC § 2310(d)(1)(A), requires Defendants, as warrantors, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

**ANSWER:** *This allegation states conclusions of law to which no response is required.*

34.     The actions of Defendants as hereinabove described, in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiff, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnusson-Moss Warranty Act.

**ANSWER:** *Denied as untrue.*

35.     Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the Subject Vehicle.

**ANSWER:** *Denied as untrue.*

36.     As a result of the Defendants' breach of factory warranty as set forth above, and Defendants' failure to honor its obligations under its warranties, Plaintiff has suffered and will continue to suffer damages as enumerated above.

**ANSWER:** *Denied as untrue.*

37.     Defendants had a reasonable opportunity to remedy the defects in the vehicle but have failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnusson-Moss Warranty Act.

**ANSWER:** *Denied as untrue.*

38.     Pursuant to the Magnusson-Moss Warranty Act 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

**ANSWER:** *Denied as untrue.*

### AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Venue is improper because the Winnebago New Vehicle Limited Warranty states that any breach of warranty claim against Winnebago must be brought in Winnebago County District Court, Iowa.

3.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or the expiration of the limited written warranty and/or the "Fifteen Month Limitation on Initiating a Claim" clause in the Winnebago New Vehicle Limited Warranty.

4.     Plaintiff's claims are barred by unforeseen, intervening, and/or superseding causes.

5.     Plaintiff's claims may be barred by their contributory/comparative negligence and/or assumption of risk.

6.     Plaintiff's claims may be barred by the doctrine of waiver, estoppel, unclean hands, and/or laches.

7.     Plaintiff's damages, if any, are the proximate result of the acts and/or omissions of a third party for which Winnebago is not responsible or liable.

8.     Plaintiff's claims are barred because Plaintiff failed to provide Winnebago or its authorized dealership with a reasonable number of attempts to repair the Vehicle.

9.     The conditions which Plaintiff allege exist in the Vehicle do not substantially impair its use, value, or safety.

10.     The defects which Plaintiff allege exist may not be covered by any written or verbal representations made by Winnebago.

11.     Plaintiffs have failed to mitigate and/or minimize their alleged damages.

12.     The alleged defects have been corrected by Winnebago or its authorized dealership.

13.     Plaintiff's claims may be barred by the economic loss rule or because there was a lack of privity and/or sufficient nexus between Plaintiff and Winnebago.

14.     Plaintiff has failed to join necessary and/or indispensable parties.

15.     Plaintiff's recovery and theory of recovery are limited or abrogated by the terms of the limited warranty.

16.     Plaintiff's claims may be barred by Plaintiff's failure to resort to a pre-dispute resolution mechanism.

17.     The nonconformities Plaintiff alleges exist may be the result of the abuse, neglect, or unauthorized modification or alteration of the Vehicle by Plaintiff.

18.     Plaintiff's claims are barred or limited because of the provisions of the Uniform Commercial Code, and any defenses available under said code are incorporated herein.

19.     Plaintiff's Complaint is barred because they failed to comply with conditions precedent required of them.

20.     The alleged defects or nonconformities complained of represent the culmination of normal wear and tear from which the Plaintiff was obligated to protect themselves.

21.     The alleged defects or nonconformities complained of represent the result of improper maintenance and upkeep, for which those responsible for said maintenance and upkeep, unquestionably individuals or entities other than this answering Defendant, alone are liable.

22.     Winnebago reserves the right to assert additional defenses and/or counterclaims and/or

cross-claims and/or third-party claims as they become known throughout the course of this

litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Winnebago Industries, Inc., prays for judgment of no cause of action,

along with an award of costs and fees incurred.

Dated: January 19, 2024                         Respectfully submitted,

By: */s/ Daniel L. Moeller*

Daniel L. Moeller (AT0014142)
DINSMORE & SHOHL LLP
222 W. Adams Street, Suite 3400
Chicago, IL 60606
T: (312) 372-6060
F: (312) 372-6085
daniel.moeller@dinsmore.com

***Counsel for Defendant***
***Winnebago Industries, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that true and correct copy of the foregoing document was filed on January 19, 2024, with the Clerk of the Court using the CM/ECF system, which will send notice to counsel of record.

*/s/ Daniel L. Moeller*
Daniel L. Moeller